# United States District Court
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | |
|---|---|
| PAMELA ROGERS, as Administratrix for the ESTATE OF SHAQUILLE ROGERS § § § *Plaintiff*, § § v. § § THE COLONY, TEXAS, CHARLES WOOD, and JOSEPH SHIPP § § § *Defendants*. § | Civil Action No. 4:19-cv-00919 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant City of The Colony, Texas's ("City") Motion for Summary Judgment (Dkt. #42). Having considered the motion and the relevant pleadings, the Court finds that Defendant's Motion should be **GRANTED**.

### BACKGROUND

**I.  Factual Background**

On December 18, 2017, Shaquille Rogers was shot and killed by Officers Wood and Shipp, both City employees. Officers were dispatched after the City received 911 calls that an individual had broken through a glass back door of an occupied home and grabbed a knife from the kitchen counter. Officers Wood and Shipp encountered Mr. Rogers inside a home on the 5500 block of Rice Street. According to Plaintiff, Mr. Rogers allegedly appeared to be disoriented and in a mentally incapacitated state. The body camera and audio evidence show that Officers Wood and

Shipp encountered Mr. Rogers, with firearms drawn, screaming the commands: "he's got a knife,"[1] "get back," and "don't move!" When Mr. Rogers apparently refused, Officers Wood and Shipp fired their weapons, tragically killing Mr. Rogers.

## II.     Procedural History

On December 16, 2019, Plaintiff sued Defendants alleging violations of 42 U.S.C. § 1983, the Fourth Amendment of the United States Constitution, and state law claims for assault and battery (Dkt. #1). On August 1, 2020, the City filed a Motion for Summary Judgment (Dkt. #42). No response was filed.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of

---

[1] The Court notes here, as it did in its previous Order (Dkt. #40), that Plaintiff does not dispute that Rogers had a knife.

material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323.  If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense."  *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986).  Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case.  *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000).  Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial."  *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49).  A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment.  *Anderson*, 477 U.S. at 257.  Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden.  Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment.  *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)).  The Court must consider all of the evidence but "refrain from making any credibility determinations or weighing the evidence."  *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Plaintiff argues that the existence of an official policy, custom, and practice caused the deprivation of Mr. Rogers's constitutional rights, namely the City's failure to adequately train its police officers to deal with mentally incapacitated individuals.  In opposition, the City maintains it is entitled to judgment as a matter of law due to this Court's previous order dismissing Plaintiff's

claims against Officers Wood and Shipp (Dkt. #41).  There, this Court held that Officers Wood and Shipp did not violate Mr. Roger's constitutional rights because they believed—as video and audio evidence later confirmed—that he posed a threat of serious physical harm to the officers and to others (Dkt. #40 pp. 8-9).

For similar reasons, Plaintiff's claims against the City fail as a matter of law.  The Court will first address Plaintiff's *Monell* claim and then Plaintiff's failure to train or supervise claim.

I. **Plaintiff's Section 1983 Claims**

   *A. Monell*

It is well-settled that a municipality is liable under Section 1983 only when an injury is caused by the execution of the government's policy, practice, or custom.  *See Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978).  To establish a municipality's liability, the plaintiff bears the burden of pleading and proving the existence of: (1) a policymaker; (2) an official policy; and (3) a violation of constitutional rights whose moving force is the policy, practice, or custom.  *See id.* at 691; *Bishop v. Arcuri*, 674 F.3d 456, 467 (5th Cir. 2012).  To establish the third element, the plaintiff must show either: "(1) the policy *itself* violated federal law or authorized or directed the deprivation of federal rights or (2) that the policy was adopted or maintained by the municipality's policymakers with deliberate indifference as to its known or obvious consequences[.]" *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 309 (5th Cir. 2004) (citation removed).  Negligence is insufficient.  *Id.*

Generic assertions of municipality are also insufficient.  *See Wright v. Denison Ind. School Dist.*, 2017 WL 2262778, at *4 (E.D. Tex. May 24, 2017).  A plaintiff suing a government entity and claiming that some policy of the entity harmed them "should be able to muster allegations of 'past incidents of misconduct to others, multiple harms that occurred to the plaintiff[s]

4

[themselves], misconduct that occurred in the open, the involvement of multiple officials in the misconduct, or the specific topic of the challenged policy or training inadequacy.'" *Id.* (citing *Thomas v. City of Galveston, Texas*, 800 F. Supp. 2d 826, 842 (S.D. Tex. 2011)).

Here, Plaintiff alleged the City's policies and practices were the moving force behind the use of excessive and deadly force against Mr. Rogers. The City responds that Plaintiff's claims are now necessarily barred because of the Court's finding that Officers Wood and Shipp did not violate Rogers's constitutional right. The Court agrees.

As noted, this Court previously found that Officers Wood and Shipp's conduct did not amount to a constitutional violation (Dkt. #40 pp.8-9). As such, consistent with the precedent in *Heller*, the City cannot be held liable. *Agee v. City of McKinney*, No. 4:12-CV-550, 2014 WL 1232644, at *14 (E.D. Tex. Mar. 22, 2014), *aff'd sub nom. Agee v. City of McKinney, Tex.*, 593 F. App'x 311 (5th Cir. 2014) ("The City cannot be held liable if no constitutional violation occurred.") (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam)). Indeed, "if a person has suffered no constitutional injury at the hands of the individual police officer, the fact that the departmental regulations might have authorized the use of constitutionally excessive force is quite beside the point." *Heller*, 475 U.S. at 799; *Brown v. Lyford*, 243 F.3d 185, 191 n.18 (5th Cir. 2001) ("[I]f plaintiff does not show any violation of his constitutional rights—then there exists no liability to pass through to the county."). Plaintiff's claim that the City's official policy or custom deprived him of his constitutional rights fails as a matter of law and should be dismissed.

### B. *Failure to Train or Supervise*

Similarly, Plaintiff's claim against the City for the failure to train or supervise its officers also fails as a matter of law.

A municipality's policy of failure to train its personnel can give rise to liability under Section 1983. *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 484 (5th Cir. 2014). To succeed on a claim arising from a municipality's failure to adopt an adequate training policy, "a plaintiff must demonstrate: (1) [the municipality's] training policy procedures were inadequate; (2) [the municipality] was deliberately indifferent in adopting its training policy; and (3) the inadequate training policy directly caused [the constitutional violation]." *Id.* (internal citations omitted). As to deliberate indifference, "the inadequacy of police training may serve as the basis for Section 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come in contact. Only where a municipality's failure to train its employees in a relevant respect evidences a 'deliberate indifference' to the rights of its inhabitants can such a shortcoming be properly thought of as a city 'policy or custom' that is actionable under § 1983." *Hudspeth v. City of Shreveport*, No. CIVA 04-0587, 2006 WL 3747446, at *20 (W.D. La. Dec. 18, 2006), *aff'd*, 270 F. App'x 332 (5th Cir. 2008) (citing *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989)).

This rationale applies to a failure to supervise claim. To establish deliberate indifference, a plaintiff must show at least a pattern of violations (fairly similar to what ultimately transpired) so that the failure of the city to respond with different training or better supervision reflects a deliberate or conscious choice to endanger constitutional rights. *Estate of Davis ex rel. McCully v. City of N. Richland Hills*, 406 F.3d 375, 381–83 (5th Cir. 2005); *Roberts v. City of Shreveport*, 397 F.3d 287, 292 (5th Cir. 2005); *Hudspeth*, 2006 WL 3747446, at *20.

For the same reason that Plaintiff's *Monell* claim fails as a matter of law, the Court finds Plaintiff's claim for failure to train or supervise its officers also fails.

## CONCLUSION

It is hereby **ORDERED** that the City's Motion for Summary Judgment (Dkt. #42) is **GRANTED**, and Plaintiff's claims are **DISMISSED with prejudice** in their entirety.

**SIGNED this 16th day of September, 2020.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE